UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARLA ROSE MILLER,

    Plaintiff,

    v.

TODD ROKITA, et al.,

    Defendants.

Case No. 3:22-CV-883 JD

## OPINION AND ORDER

Defendant, Randy Spitaels, has filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) alleging the plaintiff has failed to state a claim against him. (DE 17). Defendant Marvin Ramer has filed a similar motion. (DE 36.) The motions will be granted for the following reasons. The Court will also utilize its inherent authority to screen complaints to dismiss the claims against defendants Wisler Mennonite Church, Cynthia Grade, and Harlen Martin.

**A. Factual Background**

The plaintiff, Marla Miller, proceeding *pro se*, initiated this litigation with a 25-page complaint.[1] (DE 1.) This document describes many hardships Ms. Miller has endured in her life,

---

[1] The Court would note that at various places in her filings Ms. Miller indicates that she believes this process is something other than litigation and the civil complaint she filed is actually some other type of document called a "notice of liability." *See e.g.* DE 1 at 12 (describing the complaint as a "notice of liability" and demanding Defendants sign the document to "prevent current and future damages"); DE 23 at 2 ("a Notice of Liability is not a lawsuit, rather it is a statement of potential liability"); DE 39 at 2 ("this was not supposed to go into litigation as I am pro se and this was already stated to be an affidavit of harm and liability"). Regardless of her terminology and intention, the Court will clarify this is indeed a lawsuit and Ms. Miller has initiated litigation against the defendants when she named them as defendants in a civil complaint. *See* DE 1 at 1–3 (completed civil complaint form for a pro se plaintiff). Accordingly, this claim is subject to all relevant statutes and rules including the Federal Rules of Civil Procedure.

and requests this Court to restore her custody of her children and award her $10,000,000 in damages for the allegedly unlawful deprivation of custody. (DE 1 at 3).

As relevant background to this motion, Ms. Miller alleges she had a difficult upbringing which involved alleged sexual harassment by her brother-in-law, disbelief of her claims by her family, involvement of her church in her claims, and intermittent stays at mental health care centers or treatment facilities at the direction of her family and church. (DE 1 at 7–8.) Ms. Miller indicates she became pregnant with her first child when she was seventeen years old "to get off all the pills they were drugging [her] with" and then got married six months later. (DE 1 at 8). Ms. Miller then left an abusive marriage and got a job. *Id.* During this time, she asked her sister, Defendant Lori Zimmerman to babysit for her. *Id.* Ms. Zimmerman convinced Ms. Miller that it would be best to leave the children with her for temporary stability. *Id.* at 9.

Thereafter, Ms. Zimmerman and her husband Trenton Zimmerman began to ask for legal guardianship of the children. *Id.* The Zimmermans explained to Ms. Miller that they believed her children needed stability and a mom and dad. *Id.* Ms. Miller alleges she was being intimidated and bullied by the Zimmermans into supporting the adoption, with actions such as threatening to return the children to the custody of Ms. Miller's ex-husband. *Id.*

Ms. Miller decided to go through with the adoption to give legal guardianship of her children to the Zimmermans. *Id.* at 9. Ms. Miller alleges she did not have counsel during the adoption and did not understand the legal consequences of the action. *Id.* She indicates that she believed it would be an open adoption and she would continue to have a relationship with her children. *Id.* She alleges that the adoption was approved on October 25, 2013. *Id.* at 11. Further, that following the adoption the Zimmermans prevented her from having a relationship with her children despite her efforts to do so. *Id.* at 10. Ms. Miller alleges that she was bullied and

manipulated into relinquishing the custody of her children and generally asserts that her rights were violated because her children were adopted. *Id.* [2]

In seeking redress for these alleged wrongs Ms. Miller filed this lawsuit naming several defendants. Two defendants, Randy Spitaels and Marvin Ramer, have filed motions to dismiss arguing Ms. Miller has failed to state claims against them. Given their similarity, the Court will address both motions in one order. Further, the Court will use its inherent authority to screen the complaint to dismiss the claims against several other defendants who Ms. Miller has failed to state a claim against. Specifically, the Court will dismiss the claims against defendants Wisler Mennonite Church, Cynthia Grate, and Harlen Martin.

**B. Legal Standard**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930,

---

[2] These are the same facts alleged against the other defendants in this case, and included in the Court's orders on their respective motions to dismiss. The Court has included the same factual background in each order for the sake of completeness.

3

935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

### C. Discussion

Mr. Spitaels and Mr. Ramer each argue that Ms. Miller has failed to state a claim against them as required by Federal Rule of Civil Procedure 8.

A plaintiff is required to provide grounds for her entitlement to relief with more than mere labels and conclusions. *Twombly*, 550 U.S. at 555. Rather, she must plead sufficient factual content to allow the Court to draw a reasonable inference that the named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663.

(a) *Randy Spitaels*

Ms. Miller's complaint only mentions Mr. Spitaels by name in the caption and does not refer to him or his actions in the body of the text. This is insufficient to state a claim under Rule 8. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (" A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."); *see also Kaiser v. Tiggs Canteen Service, Inc.*, 2021 WL 2138469, at *3 (N.D. Ind. May 26, 2021) (dismissing a § 1983 claim against a defendant who was listed in the caption but not mentioned in the body of the complaint).

The Court recognizes there may be an indirect reference to Mr. Spitaels in the body of the complaint, but this is nonetheless insufficient to state a claim. The possible reference is a single

sentence where Ms. Miller states "I ran into her [defendant Lori Zimmerman's] lawyer and he realized he was a part of a fraudulent scam." (DE 1 at 10.) Even if this statement is referring to Mr. Spitaels it nonetheless fails to state a claim because it does not contain any factual allegations of what that person did which caused the injury to Ms. Miller.

(b) *Marvin Ramer*

Ms. Miller's complaint does refer to Mr. Ramer in the body of the text, but it does not describe his role in allegedly depriving Ms. Miller of custody of her children. Ms. Miller's complaint refers to Mr. Ramer speaking with her after she was allegedly molested by her brother-in-law, but she does not explain how that incident relates the alleged conspiracy to defraud the state court and deprive Ms. Miller of custody of her children. (See DE 1 at 7.)

Notably, Ms. Miller's complaint seems to only refer to Mr. Ramer in a section dedicated to her personal background and does not refer to Mr. Ramer at all in the section she labels as explaining the theft of her children. (*See* DE 1 at 8–25 (section with heading "Theft of my children").) Ms. Miller's interactions with Mr. Ramer appear to be between November 2006 and mid to early 2008. (DE 1 at 5 (noting her backstory begins November 2006), 7 (noting she left the Haven of Rest facility in December 2008 which was as long as five months after her last conversation with Mr. Ramer).) These interactions appear to have been before Ms. Miller was pregnant (*see* DE 1 at 8), and were almost five years prior to the adoption of her children being finalized in October 2013 (DE 1 at 11). Consequently, the Court cannot infer how Mr. Ramer's actions years before Ms. Miller lost custody of her children, or before she even had children, are related to the alleged conspiracy to deprive her of child custody.

As there is no description of Mr. Ramer's role in the injury to Ms. Miller related to the loss of custody of her children, she has failed to state a claim against him.

(c) *Wisler Mennonite Church*

Ms. Miller's complaint only names this Church in the caption and does not discuss its role in her injury in the body of the text. The complaint does make non-specific references to Ms. Miller's church being a "very religiously controlling and religious abuse church", that bullied her into staying at a location known as "Green Pastures." (DE 1 at 7.) It is unclear if the church discussed in the body of Ms. Miller's complaint is Wisler Mennonite Church. Even if they are the same churches, it is unclear how any of this past behavior relates to Ms. Miller's claim regarding the loss of custody of her children due to a conspiracy to defraud the state court. Much like Ms. Miller's discussion of Mr. Ramer, she only discusses her church in the personal background section and not the section set out to describe the injury at issue in this case. Therefore, Ms. Miller has not stated a claim against the Wisler Mennonite Church.

(d) *Cynthia Grate*

Ms. Miller's complaint only names Ms. Grate in the caption and does not discuss her in the body of the text. This is insufficient to state a claim. *Collins*, 143 F.3d at 334; *Kaiser*, 2021 WL 2138469, at *3. The caption indicates Ms. Grate is affiliated with "Oaklawn Psychiatric CT" in some capacity and Ms. Miller alleges she was committed to an "Oak Lawn mental hospital" (DE 1 at 8.) Assuming Ms. Grate is a staff member of this institution, it remains unclear what her role is or what acts she took which caused the alleged injury to Ms. Miller. As such, Ms. Miller has failed to state a claim against Ms. Grate.

6

Ms. Grate has been served but has not entered an appearance nor filed a motion to dismiss. However, in light of the fact she is only mentioned in the caption, the Court will utilize its inherent authority to screen a complaint to dismiss the claims against her. *Slater v. Blinken*, 2022 WL 888406, at *1 (N.D. Ind. Mar. 24, 2022), aff'd, No. 22-1533, 2022 WL 4537906 (7th Cir. July 18, 2022) (the district court has authority to screen a complaint *sua sponte*, even if screening was not required by statute).

(e) *Harlen Martin*

The Court will dismiss the claims against Harlen Martin based on Ms. Miller's failure to state a claim against him and her failure to serve him as a defendant in this lawsuit.

To begin, Mr. Martin is only mentioned in the caption of the lawsuit and not described in the body of the complaint. This is insufficient to state a claim. *Collins*, 143 F.3d at 334; *Kaiser*, 2021 WL 2138469, at *3. Similar to Ms. Grate, Mr. Martin appears to be affiliated with an institution known as Haven of Rest, where Ms. Miller may have been committed or receiving treatment. (DE 1 at 7.) Also similar, it is unclear what Mr. Martin's role was at Haven of Rest or what acts he took which caused the alleged injury to Ms. Miller. As such, Ms. Miller has failed to state a claim against Mr. Martin.

Additionally, Ms. Miller has not served Mr. Martin which is an independent basis for dismissing her claims against him. Per Federal Rule of Civil Procedure 4(m), Ms. Miller had 90 days from filing her complaint to serve Mr. Martin or show cause as to why she deserved additional time to serve him. Ms. Miller field her complaint on October 19, 2022. (DE 1.) Ms. Miller paid the filing fee and the U.S. Marshals Service attempted but was unable to serve Mr. Martin. (DE 19.) The 90-day window for serving Mr. Martin has long since passed. As the Court

is giving Ms. Miller leave to file an amended complaint, she may also use that time period to serve Mr. Martin or show cause why further time to serve Mr. Martin is merited.

### D. Conclusion

Accordingly, Mr. Spitaels and Mr. Ramer's motions to dismiss are GRANTED (DE 17, 36). The complaint's claims against Randy Spitaels, Marvin Ramer, Wisler Mennonite Church, Cynthia Grate, and Harlen Martin are STRICKEN, and Ms. Miller is GRANTED 30 days to file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) (pro se plaintiffs should ordinarily be afforded leave to amend when their complaint is dismissed). Any amended complaint should clearly articulate what actions were taken by each named defendant, and how those actions caused Ms. Miller's injury. Further, to the extent possible, it should include specific details such as dates of the actions. Ms. Miller is also GRANTED 30 days to serve Harlen Martin.

The Court CAUTIONS Ms. Miller that failure to file an amended complaint could result in the dismissal of her claims, and case, without further notice. Further, this dismissal may be with prejudice. *See Griffin v. Milwaukee Cty.*, 369 Fed. App'x 741, 743 (7th Cir. 2010) (unpublished) ("A court is free to dismiss a complaint with prejudice when the plaintiffs have been given opportunities to amend, but fail to do so.").

SO ORDERED.

ENTERED: July 12, 2023

                                          /s/ JON E. DEGUILIO
                                          Chief Judge
                                          United States District Court