UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARLA ROSE MILLER, | |
| Plaintiff, | |
| v. | Case No. 3:22-CV-883 JD |
| TODD ROKITA, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Defendants Trenton and Lori Zimmerman ("the Zimmermans") have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (DE 32). The motion will be granted for the following reasons.

**A. Factual Background**

The plaintiff, Marla Miller, proceeding *pro se*, initiated this litigation with a 25-page complaint.[1] (DE 1.) This document describes many hardships Ms. Miller has endured in her life, and requests this Court to restore her custody of her children and award her $10,000,000 in damages for the allegedly unlawful deprivation of custody. (DE 1 at 3).

---

[1] The Court would note that at various places in her filings Ms. Miller indicates that she believes this process is something other than litigation and the civil complaint she filed is actually some other type of document called a "notice of liability." *See e.g.* DE 1 at 12 (describing the complaint as a "notice of liability" and demanding Defendants sign the document to "prevent current and future damages"); DE 23 at 2 ("a Notice of Liability is not a lawsuit, rather it is a statement of potential liability"); DE 39 at 2 ("this was not supposed to go into litigation as I am pro se and this was already stated to be an affidavit of harm and liability"). Regardless of her terminology and intention, the Court will clarify this is indeed a lawsuit and Ms. Miller has initiated litigation against the defendants when she named them as defendants in a civil complaint. *See* DE 1 at 1–3 (completed civil complaint form for a pro se plaintiff). Accordingly, this claim is subject to all relevant statutes and rules including the Federal Rules of Civil Procedure.

As relevant background to this motion, Ms. Miller alleges she had a difficult upbringing which involved alleged sexual harassment by her brother-in-law, disbelief of her claims by her family, involvement of her church in her claims, and intermittent stays at mental health care centers or treatment facilities at the direction of her family and church. (DE 1 at 7–8.) Ms. Miller indicates she became pregnant with her first child when she was seventeen years old "to get off all the pills they were drugging [her] with" and then got married six months later. (DE 1 at 8). Ms. Miller then left an abusive marriage and got a job. *Id.* During this time, she asked her sister, Defendant Lori Zimmerman to babysit for her. *Id.* Ms. Zimmerman convinced Ms. Miller that it would be best to leave the children with her for temporary stability. *Id.* at 9.

Thereafter, Ms. Zimmerman and her husband Trenton Zimmerman began to ask for legal guardianship of the children. *Id.* The Zimmermans explained to Ms. Miller that they believed her children needed stability and a mom and dad. *Id.* Ms. Miller alleges she was being intimidated and bullied by the Zimmermans into supporting the adoption, with actions such as threatening to return the children to the custody of Ms. Miller's ex-husband. *Id.*

Ms. Miller decided to go through with the adoption to give legal guardianship of her children to the Zimmermans. *Id.* at 9. Ms. Miller alleges she did not have counsel during the adoption and did not understand the legal consequences of the action. *Id.* She indicates that she believed it would be an open adoption and she would continue to have a relationship with her children. *Id.* She alleges that the adoption was approved on October 25, 2013. *Id.* at 11. Further, that following the adoption the Zimmermans prevented her from having a relationship with her children despite her efforts to do so. *Id.* at 10. Ms. Miller alleges that she was bullied and

manipulated into relinquishing the custody of her children and generally asserts that her rights were violated because her children were adopted. *Id.*[2]

In seeking redress for these alleged wrongs Ms. Miller filed this lawsuit naming several defendants, including the Zimmermans. The complaint references a grab bag of statutes and legal authority including 42 U.S.C § 1983, the Americans with Disabilities Act, and potentially state law fraud and defamation claims. The Zimmermans have now filed a motion to dismiss.

**B. Legal Standard**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its

---

[2] These are the same facts alleged against the other defendants in this case, and included in the Court's orders on their respective motions to dismiss. The Court has included the same factual background in each order for the sake of completeness.

judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

Abstention arguments under *Rooker-Feldman* implicate a court's jurisdiction. *See DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 475 (7th Cir. 2020); *Salem v. Larkin*, 2022 WL 17176496, at *3 (N.D. Ill. Nov. 23, 2022). Arguments for abstention "do not fit neatly into Rule 12(b)(1) or Rule 12(b)(6)." *Whole Woman's Health All. v. Hill*, 377 F. Supp. 3d 924, 930 (S.D. Ind. 2019). "Such arguments do not deny the existence of subject-matter jurisdiction; they presuppose it." *Id*. However, "when such a motion "asks the Court to decline jurisdiction, as defendants' motion does, it fits more comfortably under Rule 12(b)(1)." *Nadzhafaliyev v. Hardy*, 403 F. Supp. 3d 663, 667 (N.D. Ill. 2019).

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). Because this case challenges the factual circumstances of jurisdiction rather than solely the pleading of jurisdiction, "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

### C. Discussion

The Zimmermans argue the claims against them should be dismissed for three reasons. First, the Court lacks jurisdiction based on the *Rooker-Feldman* doctrine. Second, the statute of

4

limitations bars Ms. Miller's claims, and third, that Ms. Miller's complaint fails to state a claim against them.

### (1) *The Court rejects the Rooker-Feldman and statute of limitations arguments at this stage of proceedings*

The *Rooker-Feldman* doctrine and statute of limitations arguments were also raised by the State Defendants[3] in this case. (*See* DE 41.) In the order addressing the State Defendants' motion to dismiss, the Court extensively discussed why it is currently unclear whether *Rooker-Feldman* abstention applies to this case. (*Id.* at 5–8.) Specifically, it is unclear if Ms. Miller had a reasonable opportunity to present her claims in the state court proceeding based on the current evidentiary record. In that same order, the Court also explained why it was inappropriate to apply the statute of limitations affirmative defense at this time. (*Id.* at 8–11.) The Court found that ambiguities in the factual allegations of the complaint made it unclear when Ms. Miller's claims began to accrue.

The analysis in the State Defendants' order applies with equal force to the Zimmermans' arguments. Ms. Miller alleges a conspiracy to violate her civil rights by all named defendants, undergirded by the same facts. Therefore, there is no reason to treat the Zimmerman's *Rooker-Feldman* and statute of limitations argument differently from the State Defendants' arguments. The Court incorporates by reference its analysis on these arguments from the State Defendants' order and for those reasons will decline to dismiss Ms. Miller's complaints against the Zimmermans on those grounds.

---

[3] Attorney General Todd Rokita, Elkhart County Prosecuting Attorney Vicki Elaine Becker, and former Indiana judge Terry Shewmaker.

**(2) *Ms. Miller has failed to state a claim against the Zimmermans***

Ms. Miller's complaint fails to state a claim upon which relief can be granted against the Zimmermans and therefore her claims against these two individuals must be dismissed without prejudice.

A plaintiff is required to provide grounds for her entitlement to relief with more than mere labels and conclusions. *Twombly*, 550 U.S. at 555. Rather, she must plead sufficient factual content to allow the Court to draw a reasonable inference that the named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663. Ms. Miller has referred to three legal authorities in her complaint which might sustain a claim, 42 U.S.C § 1983, the Americans with Disabilities Act, and state law fraud and defamation, but not indicated directly what claims she is pursuing against any individual defendant. Therefore the Court will go through each legal authority and test if Ms. Miller has stated a claim against the Zimmermans.

(a) *Ms. Miller has failed to state a 42 U.S.C. § 1983 claim*

The Court will begin with § 1983. In order to state a claim under § 1983, a plaintiff must allege that the defendants deprived her of a right secured by the Constitution or laws of the United States, and the defendants acted under the color of state law. *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1009 (7th Cir. 2000). Private citizens, such as the Zimmermans, ordinarily cannot be held liable under § 1983 because that statute requires action under color of state law. *Id.* at 1016. However, private citizens may be liable under § 1983 if they conspire with a state actor to violate the plaintiff's rights. *Id.*

To establish § 1983 liability through this conspiracy theory, the plaintiff must demonstrate: "(1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participants in joint activity with the State or its agents." *Id.* (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). Mere suspicion or bare allegations that persons have conspired against the plaintiff are not enough. *Herndon v. South Bend Sch. Corp.*, No. 3:15 CV 587, 2016 WL 2755586, at *2 (N.D. Ind. May 12, 2016) (citing *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009)).

Ms. Miller's complaint only makes a bare allegation of a conspiracy which is insufficient to state a claim. *Herndon*, 2016 WL 2755586, at *2. Ms. Miller makes multiple conclusory assertions about the existence of a conspiracy against her. However, besides listing several state agents in the caption, the complaint does not specify what state actors were involved, what agreement they reached with the Zimmermans, or what actions they took as part of that conspiracy. (*See e.g.* DE 1 at 12.) Ms. Miller makes general allegations of "deception" and "forging her name", among other things (DE 1 at 9), by unidentified defendants. But Ms. Miller never goes on to describe who was deceived, what they were deceived about, or how her forged name was used. Absent more concrete factual allegations, such as specifying which state actors interacted with the Zimmermans in the conspiracy, what they agreed to, and what actions they took to further the conspiracy, Ms. Miller's complaint does not adequately state a § 1983 claim against the Zimmermans.

(b) *Ms. Miller has not stated a claim against the Zimmermans under the ADA*

In order to state a claim for disability discrimination under the ADA, a plaintiff must establish that the defendant is a covered entity under the ADA. Ms. Miller has not explained to

7

the Court why the ADA applies to the Zimmermans. For example, she has not alleged the Zimmermans were her employer (42 U.S.C. § 12112) or operated a place of public accommodation (42 U.S.C. § 12181). Further, Ms. Miller's complaint does not allege what her disability under the ADA is which is an essential element of an ADA claim. *See e.g. Dickerson v. Bd. of Trustees of Comm. Coll. Dist. No. 522*, 657 F.3d 595, (7th Cir. 2011) (holding that to establish a *prima facie* case of employment discrimination under the ADA the plaintiff must establish she was disabled under the ADA).

Consequently, Ms. Miller has not properly articulated a claim against the Zimmerman's under the ADA.

(c) *The Court declines to exercise supplemental jurisdiction over any state law claims and, in the alternative, finds Ms. Miller has not stated state fraud or defamation claims*

The Court will decline to exercise supplemental jurisdiction over any state law claims against the Zimmermans. The complaint is not entirely clear what state law claims Ms. Miller is raising, but she may be alleging fraud and defamation in regard to the adoption proceeding. Given the dismissal of Ms. Miller's federal law claims against these defendants, which deprives the Court of federal question jurisdiction, and the lack of diversity jurisdiction in this case, the only basis left for jurisdiction would be supplemental jurisdiction. The Court declines to exercise supplemental jurisdiction over any state law claims which may be in the complaint and dismisses them without prejudice. *See RWJ Mgmt. Co., Inc. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012) (noting there is a presumption that district courts decline to exercise supplemental jurisdiction over state law claims after dismissing federal claims and otherwise lacking jurisdiction).

In the alternative, the Court would dismiss Ms. Miller's state law allegations as she has failed to state a claim. The Court begins with her potential fraud claims. Allegations of fraud are subject to a heightened pleading requirement under Federal Rule of Civil Procedure 9(b). This rule requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9. Ms. Miller's complaint does not meet this standard because it does not describe what individuals made fraudulent statements or representations, what the content of those fraudulent statements were, or the time or place those representations were made. As such, the complaint fails to satisfy the requirements of Rule 9.

Turning to the defamation claims, the failure of Ms. Miller's complaint to identify a speaker or specific defamatory statement is fatal to her claim. A plaintiff alleging defamation must set out the alleged defamatory statement so that the defendant may defend against the claim and the so the Court may evaluate it. *Brown v. Salvation Army*, 60 F.Supp.3d 971, 981 (N.D. Ind. 2014). Ms. Miller only generically alleges "they[4] have run my name in the dirt and continue to spread lies … falsely accuse me of and falsely diagnosed me with." (DE 1 at 10.) This is not sufficiently specific to state a claim for defamation.

**D. Conclusion**

Accordingly, the Zimmermans' motion to dismiss is GRANTED (DE 32). The complaint's claims against the Zimmermans are STRICKEN, and Ms. Miller is granted 30 days to file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) (pro se plaintiffs should ordinarily be afforded leave to amend when their complaint is dismissed). Any amended complaint should clearly articulate what actions were taken by each

---

[4] From this passage's context in the complaint, this presumably refers to the Zimmermans.

named defendant, and how those actions caused Ms. Miller's injury. Further, to the extent possible, it should include specific details such as dates of the actions.

The Court CAUTIONS Ms. Miller that failure to file an amended complaint could result in the dismissal of her claims, and case, without further notice. Further, this dismissal may be with prejudice. *See Griffin v. Milwaukee Cty.*, 369 Fed. App'x 741, 743 (7th Cir. 2010) (unpublished) ("A court is free to dismiss a complaint with prejudice when the plaintiffs have been given opportunities to amend, but fail to do so.").

SO ORDERED.

ENTERED: July 12, 2023

                                                   /s/ JON E. DEGUILIO
                                                   Chief Judge
                                                   United States District Court